IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DUVON L. ESTRIDGE,              )
AIS # 321808,                   )
                                )
        Plaintiff,              )
                                )
    v.                          )        CASE NO. 2:25-CV-232-WKW
                                )             [WO]
AMY BROWN, *et al.*,            )
                                )
        Defendants.             )

## MEMORANDUM OPINION AND ORDER

Plaintiff Duvon L. Estridge filed this *pro se* complaint under 42 U.S.C. § 1983. (Doc. # 1.)  Plaintiff brings this action against five Defendants in their individual capacities:   Amy Brown; Sheriff Blake Turman; Nurse Kim Miller; Thomas Hugghins; and Philip Osborne.  (Doc. # 1 at 1–2.)  The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  After review, Plaintiff's complaint contains pleading deficiencies that must be remedied before this action can proceed.

## I.  STANDARD OF REVIEW

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP).  (Doc. # 8.)  Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review.  The complaint also is subject to screening under § 1915A.  Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own

initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[1]

A complaint must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii); § 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations must present a "plain statement possessing enough heft to show that the

---

[1] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the allegations still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 557. The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

## II. THE COMPLAINT'S ALLEGATIONS

The complaint's non-conclusory allegations, construed favorably to Plaintiff, set forth the following. Plaintiff alleges that, while he was detained at the Covington County Jail from July to October of 2024, his constitutional rights were violated. (Doc. # 1 at 2–3; *see also* Doc. # 1-1 at 1.) First, he states that his attorney communicated with him via letters but that he could not communicate with her because the Covington County Jail staff members named as Defendants refused to provide him with "indigent phone calls, texts, . . . stamped envelopes, and paper." Plaintiff claims that these Defendants told him that "they did not supply such items."

(Doc. # 1 at 3.)  He alleges that Defendants' actions violated his Fourteenth Amendment rights.  (Doc. # 1 at 2.)

Second, Plaintiff asserts that he was denied the right to communicate with his family and his attorney for no reason other than the fact that he is indigent.  (Doc. # 1 at 3.)  Specifically, he claims that he was denied the ability to use phone, text, and mail services "because [he] owed 'Medical' more than $50.00 in sick call fees."[2] (Doc. # 1-1 at 1.)

Third, he argues that his Eighth Amendment rights were violated when he attempted to pay a percentage of those medical fees and the staff refused to accept payment.  (Doc. # 1 at 3.)  Furthermore, Plaintiff alleges that he attempted to present these issues to officers through the jail's grievance process, but the issues were never addressed.  He also claims that, eventually, he was told that the staff had been instructed to stop giving him grievance forms and to dispose of any that he submitted. (Doc. # 1-1 at 1–2.)  Plaintiff brings individual-capacity claims and seeks "$20 million . . . for each admin [sic] that was violated."  (Doc. # 1 at 4.)

### III.  DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or

---

[2] To the extent that Plaintiff alleges violations of due process or equal protection, those claims arise under the Fourteenth Amendment, not the Fifth Amendment, as alleged.  (*See* Doc. # 1 at 3.)

other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

§ 1983.

To state a claim under § 1983, a plaintiff must allege two elements. First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

## A.    Sheriff Blake Turman

Plaintiff has not alleged sufficient facts against Sheriff Turman "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Section 1983 imposes liability on supervisory officials only where "they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully yet fail to stop them." *Rendon v. Fulton Cnty. Sheriff*, 808 F. App'x 961, 962 (11th Cir. 2020) (per curiam) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)). Supervisory liability cannot rest on respondeat superior or vicarious liability. *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1297 (11th Cir. 2023). Therefore, in addition to alleging a constitutional violation, the complaint also must establish the sheriff's responsibility for that violation under a theory of supervisory liability.

5

The complaint's allegations, accepted as true and considered in the light most favorable to Plaintiff, fail to show that Sheriff Turman personally participated in, directed, or knowingly acquiesced in the conduct at issue, or that there is any causal connection between the sheriff and the alleged unconstitutional conduct of his subordinates.   Therefore, the claims do not cross the line "from conceivable to plausible," *Twombly*, 550 U.S. at 547, and thus, fail to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**B.**   **The Remaining Defendants**

The complaint also fails to state a 42 U.S.C. § 1983 claim against the remaining Defendants—Amy Brown, Nurse Kim Miller, Thomas Hugghins, and Philip Osborne—due to the absence of any factual allegations linking them to the alleged constitutional violations.   Such factual allegations are required to ensure that Defendants receive fair notice of the claims against them and the grounds upon which those claims rest.   *See Twombly*, 550 U.S. at 555 (stating that a pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." (citation omitted)).

The complaint's allegations are generalized and do not specify the involvement or conduct of each individual Defendant. (*See, e.g.*, Doc. # 1 at 3 ("[T]he jail staff listed refused to provide me with indigent phone calls, texts, . . . stamped envelopes, and paper . . . .").) The complaint states that Plaintiff was denied access to phone, text, and mail services, as well as supplies, because of his indigent status but fails to detail how each Defendant specifically contributed to or was responsible for these denials. Without such allegations, Defendants cannot discern their alleged roles or responsibilities in the purported violations, rendering the complaint insufficient under the standards set forth by *Twombly*. Absent these critical allegations, the complaint does not meet the necessary pleading standards to state a § 1983 claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

## C.    <u>Amendment to the Complaint</u>

Notwithstanding the pleading deficiencies in the complaint and in light of Plaintiff's *pro se* status, he will be given an opportunity to amend his complaint. "[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) (citation omitted).

## IV. CONCLUSION

Based on the pleading deficiencies identified above, it is ORDERED that Plaintiff must file an amended complaint on or before **February 5, 2026**. The amended complaint must:

1. Include only those Defendants he contends are personally responsible for alleged constitutional violations;

2. Specify the actions or omissions of <u>each Defendant</u> that allegedly led to violations of his constitutional rights;

3. Detail when and where these violations occurred;

4. Describe how the acts or omissions of <u>each Defendant</u> harmed him;

5. Identify any causal connection between any supervisory Defendant and the alleged unconstitutional conduct of his or her subordinates; and

6. Clearly states the specific relief sought.

The amended complaint must provide "a short and plain statement" of each claim so as to "give the defendants fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's stated grounds for relief must go beyond mere "labels and conclusions" and provide a factual basis for each claim. *Twombly*, 550 U.S. at 555.

8

To assist Plaintiff, the Clerk of Court is directed to provide a copy of the form used by prisoners to file 42 U.S.C. § 1983 actions.  **Plaintiff must use the form in filing his amended complaint.**  The amended complaint will replace the original complaint, and this action will proceed only with Defendants named and the claims presented in the amended complaint.

The amended complaint also will undergo screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  If it states potential claims for relief, an Order regarding service of process will be entered.

Plaintiff is expressly CAUTIONED that a failure to comply with the terms of this Memorandum Opinion and Order will result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 15th day of January, 2026.

_____ /s/ W. Keith Watkins _____
UNITED STATES DISTRICT JUDGE